UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

vs.                               Case No. 2:07-cv-692-FtM-99DNF

TRACT H24-37, 5.0 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, LEROY W. UPSHUR, JR., ET
AL.,

            Defendants.
_____

## OPINION AND ORDER

This matter came before the Court on April 14, 2009, for a bench trial on the matter of just compensation in 7 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. No property owner or other claimant appeared at trial. The Court heard testimony from John R. Underwood, Jr., President and owner of Appraisal and Acquisition Consultants, Inc. since 1983, who testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Starting in 1971, Mr. Underwood worked as a staff appraiser for First Federal Savings & Loan of Lake Worth. Mr. Underwood received training from the Society of Real Estate Appraisers, the American Institute of Real Estate Appraisers, and the Appraisal Institute. Mr. Underwood received his MAI designation in 1981 and SRA designation in 1979

from the Appraisal Institute which requires continuing education of 100 hours every 5 years and 30 hours every 2 years for the State of Florida to maintain the designations.  Mr. Underwood is on the national faculty for the Appraisal Institute and has been teaching since 1982.  Mr. Underwood has conducted over 1000 appraisals while assisting the National Parks Service in the Big Cypress National Preserve and the East Everglades expansion project.

Mr. Underwood testified as to the common characteristics of the land as follows, after appraisal by helicopter and reviewing comparable sales:  (1) remote; (2) similarly zoned; and (3) with a conservation overlay.  The subject land was also described as having the highest and best use of passive recreational use.  No taking has occurred in any of these cases.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1.  The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaint in Condemnation.

2.  Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre** for a total value of **$7,500.00.** Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3. Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4. On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the

Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of April, 2009.

_____
JOHN E. STEELE
United States District Judge


Copies:
Kyle Scott Cohen
United States Attorney's Office

Counsel of Record
Collier County Tax Collector

Parties of record

DCCD
Intake
Finance